# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ROBERT A. PAYNE,**
**Claimant Below, Petitioner**

**vs.) No. 22-ICA-186** (JCN: 2003049597)

**U.S. STEEL MINING CO., INC.,**
**Employer Below, Respondent**

**FILED**
**February 2, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Robert A. Payne appeals the October 11, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent U.S. Steel Mining Co., Inc. filed a timely response.[1] Petitioner filed a timely reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order denying Mr. Payne's application for permanent total disability ("PTD") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

With respect to the workers' compensation claim at issue in this appeal, in April of 2003, Mr. Payne received a compensable ankle injury that was identified as Claim No. 2003049597. By order dated April 14, 2004, the claim administrator granted no permanent partial disability ("PPD") award to Mr. Payne for this injury. More than seventeen years later, on December 4, 2021, Mr. Payne submitted an application for PTD benefits in this claim. The claim administrator denied the PTD application on January 12, 2022, on the basis that it was not timely filed within five years of the initial PPD award as required by West Virginia Code § 23-4-16 (2005).

Mr. Payne appealed the denial of his PTD application to the Board. On October 11, 2022, the Board affirmed the claim administrator's order. The Board found, pursuant to West Virginia Code § 23-4-16 (a)(2), that Mr. Payne's five years to file the PTD application in this claim expired on April 14, 2009. The Board observed that Mr. Payne was presenting

---

[1] Robert A. Payne is self-represented. U.S. Steel Mining Co., Inc. is represented by Sean Harter, Esq.

1

a considerable amount of evidence pertaining to a different claim, Claim No. 2004022949, that was not relevant to the timeliness issue presented here.[2] Mr. Payne now appeals the Board's order affirming the denial of his PTD application.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under West Virginia Code § 23-5-12a(b) (2022), as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, No. 22-ICA-10, ____ W. Va. ____, ____, ____ S.E. 2d ____, ____, 2022 WL 17546598, at *4 (Ct. App. Dec. 9, 2022).

On appeal, Mr. Payne urges this Court to rule that the present claim remains open for him to file his PTD application. One basis for Mr. Payne's argument is that following the award order dated April 14, 2004, he received another order indicating that the present claim remained open for medical benefits. Further, Mr. Payne contends that, after the expiration of the five year period following the initial award in the present claim, the self-insured employer issued a PPD award for the ankle injury (the compensable condition in the present claim), combined with a PPD award for a knee injury in another claim, Claim No. 2004022949. This, Mr. Payne asserts, effectively reopened the present claim beyond the five year period from the date of the initial award. Mr. Payne argues that if the self-insured employer was allowed to reopen the claim outside the five year period, then he should also be afforded the same opportunity. Similarly, Mr. Payne contends that if the claim could be reopened for a PPD award after the expiration of the five year limitation, then it could be reopened for a PTD award.

---

[2] The record below also reveals that Mr. Payne had a third workers' compensation claim, Claim No. 890065491, compensable for a knee injury that occurred in 1989.

Much of Mr. Payne's remaining argument concerns the PPD percentages that he was either granted in this claim or the other claim or were not granted to him at all. He contends that the Board should have ordered additional PPD awards to be paid to address previous mistakes made by the claim administrator.

We agree with the Board and find that Mr. Payne's PTD application, as filed in the present claim, was not timely filed and is time-barred. Pursuant to West Virginia Code § 23-4-16(a)(2), in pertinent part,

(a) The power and jurisdiction of the commission, successor to the commission, other private carrier or self-insured employer, whichever is applicable, over each case is continuing and the commission, successor to the commission, other private carrier or self-insured employer, whichever is applicable, may, in accordance with the provisions of this section and after due notice to the employer, make modifications or changes with respect to former findings or orders that are justified. Upon and after [February 2, 1995], the period in which a claimant may request a modification, change or reopening of a prior award that was entered either prior to or after that date shall be determined by the following subdivisions of this subsection. Any request that is made beyond that period shall be refused.

….

(2) Except as stated below, in any claim in which an award of permanent disability was made, any request must be made within five years of the date of the initial award. During that time period, only two requests may be filed. With regard to those occupational diseases, including occupational pneumoconiosis, which are medically recognized as progressive in nature, if any such request is granted by the commission, successor to the commission, other private carrier or self-insured employer, whichever is applicable, a new five-year period begins upon the date of the subsequent award. With the advice of the health care advisory panel, the executive director and the board of managers shall by rule designate those progressive diseases which are customarily the subject of claims.

3

It is undisputed that Mr. Payne received his initial PPD award in the present claim by order dated April 14, 2004.[3] Accordingly, Mr. Payne had five years from the date of his initial award to file a reopening request for any modification including a PTD application. That timeframe expired on April 14, 2009. Mr. Payne did not file his application in the present claim until December 4, 2021. Thus, it was time-barred.

Even though Mr. Payne was granted an additional PPD award for his ankle injury, through an order issued in another claim, that award does not provide Mr. Payne with an alternative avenue under the Workers' Compensation Act to reopen this claim later than April 14, 2009. Further, we do not find that the other claim was combined or integrated into the present claim thereby extending the time for filing a PTD application in the present claim.

Finally, the issues raised regarding how much PPD should have been awarded in the present claim or other claims, and the alleged failure of the claim administrator to pay him for impairment related to his multiple claims, as determined by an IME in 2010, were not addressed in the claim administrator's order as affirmed by the Board in this appeal. Thus, those issues are not addressable in this appeal that stems solely from the claim administrator's denial of an untimely filed PTD application. We refrain from further review of those allegations.

Accordingly, we affirm.

Affirmed.

**ISSUED:** February 2, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

---

[3] As noted by the Board, it is of no consequence to the present issue that 0% PPD was granted in the order of April 14, 2004. It is the 2004 order that serves as the initial award, thus starting the five year period in which reopenings could be filed in the claim. *See Wampler v. Workers' Comp. Div.*, 216 W. Va. 129, 602 S.E.2d 805 (2004).